IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ANTONIO SIMS, )
individually and on behalf of the )
classes defined herein, )
 )
Plaintiff, )
 )
vs. )
 )
CAVALRY INVESTMENTS, LLC, )
and CAVALRY PORTFOLIO SERVICES, LLC, )
 )
 )
Defendants. )

08 C 464

**JUDGE PALLMEYER**
**MAGISTRATE JUDGE NOLAN**

### COMPLAINT – CLASS ACTION

### MATTERS COMMON TO MULTIPLE CLAIMS

### INTRODUCTION

1.  Plaintiff Antonio Sims brings this action to secure redress from unlawful credit and collection practices engaged in by defendants Cavalry Investments, LLC and Cavalry Portfolio Services LLC. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA"), and state law.

2.  The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements, in connection with the collection of a debt; it also requires debt collectors to give debtors certain information. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

3.  Specifically, plaintiff alleges that Cavalry Investments, LLC, and Cavalry Portfolio Services, LLC systematically engaged in filing and threatening lawsuits on time-barred debts which they purchase for a few cents on the dollar.

### VENUE AND JURISDICTION

4.  This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA), 28 U.S.C. §1331, 28 U.S.C. §1337, and 28 U.S.C. §1367.

5.  Venue and personal jurisdiction in this District are proper because:

    a.  Defendants' collection communications and activities impacted plaintiff within this District;

    b.  Each defendant does business or is located within this District.

**PARTIES**

6.  Plaintiff is an individual who resides in the Northern District of Illinois.

7.  Defendant Cavalry Portfolio Services, LLC is a limited liability company chartered under Delaware law with its principal place of business at 4050 E. Cotton Ctr. Bldg. 2, Suite 20, Phoenix, AZ 85040. It does business in Illinois. Its registered agent and office are CT Corporation System, 208 S. LaSalle St., Suite 814, Chicago, IL 60604.

8.  Defendant Cavalry Investments, LLC is a Delaware corporation with offices at 1013 Centre Road, Wilmington, DE 19805. It does business in Illinois. Its registered agent and office are CT Corporation System, 208 S. LaSalle St., Suite 814, Chicago, IL 60604.

9.  Defendants Cavalry Investments, LLC and Cavalry Portfolio Services, LLC are related or affiliated entities.

10. On information and belief, based on an article in the June 2, 2006 *Tulsa World*, Cavalry Portfolio Services, LLC is a subsidiary of Cavalry Investments, LLC.

11. According to a May 9, 2007 press release, the Cavalry organization "owns and manages in excess of $15 billion in consumer receivables and has offices in Hawthorne, NY, Phoenix, AZ, Tulsa, OK, and St. Paul, MN."

12. According to a August 30, 2006 press release, Cavalry had 10.9 million accounts. A later, September 1, 2007 press interview quoted Al Brothers, CEO of Cavalry Portfolio Services, LLC, as stating that Cavalry then had about 12 million accounts.

13. On information and belief, based on an article in the June 2, 2006 *Tulsa World* quoting Al Brothers, CEO of Cavalry Portfolio Services, LLC, "Cavalry's core markets are

in credit card, automotive and telecommunications accounts, and the business is divided evenly between those sectors".

14. On information and belief, the Cavalry defendants own or manage over $1 billion in defaulted automotive receivables, amounting to more than 100,000 claimed debts.

15. Defendant Cavalry Investments, LLC maintains a Web site (www.cavalryinvestments.com) on which it describes the businesses of both Cavalry Investments, LLC and Cavalry Portfolio Services, LLC.

16. The Web site states that "Cavalry purchases national consumer receivable portfolios comprised of many types of receivables including: . . . Auto Charge-off's and Deficiencies . . . ."

17. Cavalry Investments, LLC in fact purchases for collection, and caused Cavalry Portfolio Services, LLC to collect, auto purchase and lease deficiencies from many large finance companies, including Americredit, American Suzuki Auto Credit, Primus Auto Financial Services, and U. S. Bank.

18. All of the debts purchased by Cavalry Investments, LLC are charged-off at the time they are purchased and were originally owed to other entities.

19. Cavalry Investments, LLC is named as a plaintiff in more than 1,000 collection lawsuits filed in the Illinois courts.

20. Cavalry Investments, LLC is a debt collector as defined in the FDCPA.

21. Cavalry Investments, LLC pays an average of less than ten cents on the dollar for the debts it purchases.

22. According to the Web site, www.cavalryinvestments.com, "Accounts purchased by Cavalry Investments, LLC are referred to Cavalry Portfolio Services, LLC for servicing."

23. On information and belief, Cavalry Portfolio Services, LLC determines which debts are to be referred for litigation.

24. All debts serviced by Cavalry Portfolio Services, LLC were originally owed to others and were charged off when Cavalry Portfolio Services, LLC first became involved with them.

25. Cavalry Portfolio Services, LLC is named as a plaintiff in more than 1,000 collection lawsuits filed in the Illinois courts.

26. Cavalry Portfolio Services, LLC is a debt collector as defined in the FDCPA.

27. Cavalry Portfolio Services, LLC holds a collection agency license under the Illinois Collection Agency Act.

28. The mails and telephones are used in connection with the collection of debts and prosecution of collection litigation by or on behalf of Cavalry Portfolio Services, LLC and Cavalry Investments, LLC.

29. Cavalry Investments, LLC and Cavalry Portfolio Services, LLC act in concert with respect to the acquisition, collection, and litigation of charged off debts.

**FACTS**

30. On or about May 22, 2006, Cavalry Portfolio Services, LLC, filed suit against plaintiff Antonio Sims in the Circuit Court of Cook County to collect a purported auto retail installment contract debt incurred for personal, family or household purposes.

31. The purported debt had been acquired by Cavalry Investments, LLC and transferred for collection to Cavalry Portfolio Services, LLC.

32. The charges for which recovery was sought in the lawsuit were more than 4 years old at the time of suit.

33. The complaint alleged that the debt had been charged off by the original creditor, U. S. Bank, on Sept. 7, 2000.

34. A debt is not charged off until it is in default.

35. The chargeoff of debts is required by bank examiners to avoid having a

bank or other financial institution carry defaulted debts on its books as valid assets.

36. The complaint filed against Mr. Sims therefore, on its face, sought to enforce a supposed debt that had been in default more than four years.

37. The statute of limitations applicable to the collection of auto retail installment contract and lease debts is four years under sections 2-725 and 2A-506 of the Uniform Commercial Code. Citizens National Bank of Decatur v. Farmer, 77 Ill. App. 3d 56; 395 N.E.2d 1121 (4th Dist. 1979); Fallimento C.Op.M.A. v. Fischer Crane Co., 995 F.2d 789 (7th Cir. 1993); Associates Discount Corp. v. Palmer, 47 N.J. 183, 219 A.2d 858 (1966); Massey-Ferguson Credit Corp. v. Casaulong, 62 Cal. App. 3d 1024, 133 Cal. Rptr. 497 (1976); Jack Heskett Lincoln-Mercury v. Metcalf, 158 Cal. App. 3d 38; 204 Cal. Rptr. 355 (1984); Worrel v. Farmers Bank of Delaware, 430 A.2d 469 (Del. 1981); Barnes v. Community Trust Bank, 121 S.W.3d 520 (Ky. App. 2003); First of Am. Bank v. Thompson, 217 Mich. App. 581; 552 N.W.2d 516 (1996).

38. Section 2-725 of the UCC, applicable to retail installment contracts, provides: "An action for breach of any contract for sale must be commenced within four years after the cause of action has accrued. . . ." The Illinois citation is 810 ILCS 5/2-725.

39. Section 2A-506 of the UCC, applicable to leases, provides: "An action for default under a lease contract, including breach of warranty or indemnity, must be commenced within 4 years after the cause of action accrued. . . ." The Illinois citation is 810 ILCS 5/2A-506.

40. Hereinafter, the 9 states of: Illinois, New Jersey, California, Delaware, Kentucky and Michigan are referred to as the "applicable jurisdictions."

41. "[T]he assignee *** takes the assignor's interest subject to all legal and equitable defenses existing at the time of the assignment." John O. Schofield, Inc. v. Nikkel, 314 Ill. App. 3d 771, 783, 731 N.E.2d 915 (5th Dist. 2000). "[T]he assignee stands in the shoes of the assignor and, in so doing, is subject to any defense that might be urged against the assignor." Klehm v. Grecian Chalet, Ltd., 164 Ill. App. 3d 610, 617, 518 N.E.2d 187 (1st Dist. 1987). This includes the statute of limitations. Coryell v. Klehm, 157 Ill. 462; 41 N.E. 864, 868-69 (1895).

42. Defendants Cavalry Investments, LLC and Cavalry Portfolio Services, LLC regularly file and threaten to file suit on auto retail installment contract and lease debts.

43. Defendants Cavalry Investments, LLC and Cavalry Portfolio Services, LLC regularly file and threaten to file and cause the filing of suit on auto retail installment contract and lease debts in the applicable jurisdictions that are more than four years old at the time of the filing or threat.

44. Defendants, Cavalry Investments, LLC and Cavalry Portfolio Services, LLC as regular collectors of auto retail installment contract and lease debts, knew or should have known that the statute of limitations applicable to such debts is four years.

45. Defendants Cavalry Investments, LLC and Cavalry Portfolio Services, LLC engage in a pattern and practice of filing suit on time-barred debts.

### COUNT I – FDCPA – FILING SUIT ON TIME-BARRED DEBTS

46. Plaintiff incorporates paragraphs 1-45.

47. This claim is against Cavalry Investments, LLC and Cavalry Portfolio Services, LLC.

48. The filing and prosecution of time-barred lawsuits is both a deceptive collection practice, in violation of 15 U.S.C. §§1692e, 1692e(2), 1692e(5), and 1692e(10), and an unfair collection practice, in violation of 15 U.S.C. §1692f.

49. Section 1692e provides:

> **§ 1692e.   False or misleading representations [Section 807 of P.L.]**
>
> **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .**
>
> **(2)** The false representation of--
>
> **(A)** the character, amount, or legal status of any debt; . . .
>
> **(5)** The threat to take any action that cannot legally be taken or that is not intended to be taken. . . .

> **(10)** **The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer....**

50. Section 1692f provides:

> **§ 1692f.**     **Unfair practices [Section 808 of P.L.]**
>
> **A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt....**

## CLASS ALLEGATIONS

51. Plaintiff brings this claim against the defendants on behalf of a class, pursuant to Fed.R.Civ.P. 23(a) and 23(b)(3). The class consists of (a) all individuals with addresses in one of the applicable jurisdictions (b) against whom defendants filed or caused to be filed lawsuits (c) to collect auto retail installment contract and lease debts (d) more than four years after the later of default, repossession or charge off, (e) which lawsuit was pending at any time during a period beginning one year prior to the filing of this action and ending 20 days after the filing of this action.

52. The class is so numerous that joinder of all members is not practicable.

53. There are questions of law and fact common to the class members, which common questions predominate over any questions relating to individual class members. The predominant common questions are whether defendant engages in a practice of filing time-barred complaints and whether such practice violates the FDCPA.

54. Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

55. Plaintiff will fairly and adequately represent the class members. Plaintiff has retained counsel experienced in class actions and FDCPA litigation.

56. A class action is superior for the fair and efficient adjudication of this matter, in that:

   a. Individual actions are not economically feasible.

b. Members of the class are likely to be unaware of their rights;

c. Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

WHEREFORE, the Court should enter judgment in favor of plaintiff and the class and against defendants for:

(1) Statutory damages;

(2) Actual damages;

(3) Attorney's fees, litigation expenses and costs of suit;

(4) Such other and further relief as the Court deems proper.

## COUNT II – ILLINOIS COLLECTION AGENCY ACT

57. Plaintiff incorporates paragraphs 1-56.

58. This claim is against Cavalry Portfolio Services, LLC.

59. Defendant Cavalry Portfolio Services, LLC is a collection agency as defined in the Illinois Collection Agency Act, 225 ILCS 425/1 et seq.

60. Defendant violated the following provisions of 225 ILCS 425/9:

> **... (20) Attempting or threatening to enforce a right or remedy with knowledge or reason to know that the right or remedy does not exist.**
>
> **... No debt collector while collecting or attempting to collect a debt shall engage in any of the Acts specified in this Section, each of which shall be unlawful practice.**

61. Plaintiff was damaged as a result.

## CLASS ALLEGATIONS

62. Plaintiff brings this claim on behalf of a class, pursuant to Fed.R.Civ.P. 23(a) and 23(b)(3). The class consists of (a) all individuals (b) against whom defendant filed or caused to be filed a lawsuit in Illinois (c) to collect auto retail installment contract and lease debts (d) more than four years after the later of default, repossession or charge off, (e) which lawsuit was pending at any time during a period beginning five years prior to the filing of this

action and ending 20 days after the filing of this action.

63. The class is so numerous that joinder of all members is not practicable.

64. There are questions of law and fact common to the class members, which common questions predominate over any questions relating to individual class members. The predominant common questions are whether defendant engages in a practice of filing time-barred complaints and whether such practice violates the Collection Agency Act.

65. Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

66. Plaintiff will fairly and adequately represent the class members. Plaintiff has retained counsel experienced in class actions and collection abuse litigation.

67. A class action is superior for the fair and efficient adjudication of this matter, in that:

    a. Individual actions are not economically feasible.

    b. Members of the class are likely to be unaware of their rights;

WHEREFORE, the Court should enter judgment in favor of plaintiff and the class and against defendant for:

    (1) Compensatory and punitive damages;

    (2) Costs.

    (3) Such other and further relief as is appropriate.

### COUNT III – ILLINOIS CONSUMER FRAUD ACT

68. Plaintiff incorporates paragraphs 1-67.

69. This claim is against Cavalry Portfolio Services, LLC and Cavalry Investments, LLC.

70. Defendants Cavalry Portfolio Services, LLC and Cavalry Investments, LLC engaged in unfair and deceptive acts and practices, in violation of 735 ILCS 505/2, by threatening and filing suits on time-barred debts.

71. Defendants Cavalry Portfolio Services, LLC and Cavalry Investments, LLC engaged in such conduct in the course of trade and commerce.

72. Defendants Cavalry Portfolio Services, LLC and Cavalry Investments, LLC engaged in such conduct for the purpose of obtaining money from plaintiff and the class members.

## CLASS ALLEGATIONS

73. Plaintiff brings this claim on behalf of a class, pursuant to Fed.R.Civ.P. 23(a) and 23(b)(3). The class consists of (a) all individuals (b) against whom defendants Cavalry Portfolio Services, LLC or Cavalry Investments, LLC filed or caused to be filed a lawsuit in Illinois (c) to collect auto retail installment contract and lease debts (d) more than four years after the later of default, repossession or charge off, (e) which lawsuit was pending at any time during a period beginning 3 years prior to the filing of this action and ending 20 days after the filing of this action.

74. The class is so numerous that joinder of all members is not practicable.

75. There are questions of law and fact common to the class members, which common questions predominate over any questions relating to individual class members. The predominant common questions are whether defendants attempt to collect time-barred debts.

76. Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

77. Plaintiff will fairly and adequately represent the class members. Plaintiff has retained counsel experienced in class actions.

78. A class action is superior for the fair and efficient adjudication of this matter, in that:

    a. Individual actions are not economically feasible.

    b. Members of the class are likely to be unaware of their rights;

WHEREFORE, the Court should enter judgment in favor of plaintiff and the class

and against defendants:

(1) Declaring that the purported debts are time-barred;

(2) Enjoining defendants from instituting or threatening suit to collect such debts;

(3) Requiring defendants to notify the class of the judgment;

(4) For costs of suit;

(5) For such other and further relief as the Court deems proper.

_____
Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
EDELMAN, COMBS, LATTURNER
    & GOODWIN, L.L.C.
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

## JURY DEMAND

Plaintiff demands trial by jury.

_____
Daniel A. Edelman

## NOTICE OF LIEN

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards.

_____
Daniel A. Edelman

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
   & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

T:\20816\Pleading\Complaint_Pleading.wpd