IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANTONIO SIMS, individually and on behalf of the classes defined herein, <br><br> Plaintiff, <br><br> vs. <br><br> CAVALRY INVESTMENTS, LLC, and CAVALRY PORTFOLIO SERVICES, LLC, <br><br> Defendants. | 08-cv-464 <br><br> Judge Bucklo <br> Magistrate Judge Nolan |

## PLAINTIFF'S MOTION FOR CLASS CERTIFICATION[1]

Plaintiff respectfully requests that this Court enter an order determining that this Fair Debt Collection Practices Act ("FDCPA") action may proceed as a class action against defendants Cavalry Investments, LLC, and Cavalry Portfolio Services, LLC, P.C.

Plaintiff seeks to certify three classes, defined as follows:

**Count I:** (a) all individuals with addresses in one of the applicable jurisdictions[2] (b) against whom defendants Cavalry Portfolio Services, LLC or Cavalry Investments, LLC filed or caused to be filed lawsuits (c) to collect auto retail installment contract and lease debts (d) more than four years after the later of default, repossession or charge off, (e) which lawsuit was pending at any time during a period beginning January 22, 2007 (a date one year prior to the filing of this action) and ending February 11, 2008 (a date 20 days after the filing of this action).

**Count II:** (a) all individuals (b) against whom defendant filed or caused to be filed a lawsuit in Illinois (c) to collect auto retail installment contract and lease debts (d) more than four years after the later of default, repossession or charge off, (e) which lawsuit was

---

[1] Exhibits referenced are attached to Memorandum in Support of Plaintiff's Motion for Class Certification.

[2] Illinois, California, New Jersey, Indiana, Kentucky, and Michigan. These represent jurisdictions where controlling appellate decisions exist concerning the limitations issue.

1

pending at any time during a period beginning January 22, 2003 (a date five years prior to the filing of this action) and ending February 11, 2008 (a date 20 days after the filing of this action).

**Count III:** (a) all individuals (b) against whom defendants Cavalry Portfolio Services, LLC or Cavalry Investments, LLC filed or caused to be filed a lawsuit in Illinois (c) to collect auto retail installment contract and lease debts (d) more than four years after the later of default, repossession or charge off, (e) which lawsuit was pending at any time during a period beginning January 22, 2005 (a date 3 years prior to the filing of this action) and ending February 11, 2008 (a date 20 days after the filing of this action).

Plaintiff further requests that Edelman, Combs, Latturner & Goodwin, LLC be appointed counsel for the class.

In support of this motion, plaintiff states:

**NATURE OF THE CASE**

1. This case arises out of Cavalry Portfolio Services, LLC's policy and practice of bringing, or threatening to bring, time-barred lawsuits to collect auto retail installment contract and lease debts. The statute of limitations applicable to the collection of auto retail installment contract and lease debts is four years under sections 2-725 and 2A-506 of the Uniform Commercial Code.  Citizens National Bank of Decatur v. Farmer, 77 Ill. App. 3d 56; 395 N.E.2d 1121 (4th Dist. 1979); Fallimento C.Op.M.A. v. Fischer Crane Co., 995 F.2d 789 (7th Cir. 1993);  Associates Discount Corp. v. Palmer, 47 N.J. 183, 219 A.2d 858 (1966); Massey-Ferguson Credit Corp. v. Casaulong, 62 Cal. App. 3d 1024, 133 Cal. Rptr. 497 (1976); Jack Heskett Lincoln-Mercury v. Metcalf, 158 Cal. App. 3d 38; 204 Cal. Rptr. 355 (1984); Worrel v. Farmers Bank of Delaware, 430 A.2d 469 (Del. 1981); Barnes v. Community Trust Bank, 121 S.W.3d 520 (Ky. App. 2003); First of Am. Bank v. Thompson, 217 Mich. App. 581; 552 N.W.2d 516 (1996).

2. Section 2-725 of the UCC, applicable to retail installment contracts, provides: "An action for breach of any contract for sale must be commenced within four years

after the cause of action has accrued. . . ." The Illinois citation is 810 ILCS 5/2-725.

      3.    Section 2A-506 of the UCC, applicable to leases, provides: "An action for default under a lease contract, including breach of warranty or indemnity, must be commenced within 4 years after the cause of action accrued. . . ." The Illinois citation is 810 ILCS 5/2A-506.

      4.    If the statute of limitations bars a claim by an assignor, it also bars a claim by a private (non-governmental) assignee. Greene v. Taylor, 132 U.S. 415, 443 (1889). "[T]he assignee *** takes the assignor's interest subject to all legal and equitable defenses existing at the time of the assignment." John O. Schofield, Inc. v. Nikkel, 314 Ill. App. 3d 771, 783, 731 N.E.2d 915 (5th Dist. 2000). "[T]he assignee stands in the shoes of the assignor and, in so doing, is subject to any defense that might be urged against the assignor." Klehm v. Grecian Chalet, Ltd., 164 Ill. App. 3d 610, 617, 518 N.E.2d 187 (1st Dist. 1987). This includes the statute of limitations. Coryell v. Klehm, 157 Ill. 462; 41 N.E. 864, 868-69 (1895).

      5.    It is also well established that filing or threatening suits on time-barred debts is both unfair and deceptive, and violates the FDCPA, 15 U.S.C. §§1692e, 1692e(2), 1692e(5), 1692e(10) and 1692f. Kimber v. Federal Financial Corp., 668 F.Supp. 1480 (M.D.Ala. 1987); Baptist v. Global Holding & Inv. Co., 04-CV-2365 (DGT), 2007 U.S. Dist. LEXIS 49476 (E.D.N.Y., July 9, 2007); Goins v. JBC & Assocs., P.C., 352 F. Supp. 2d 262, 272 (D.Conn. 2005); Stepney v. Outsourcing Solutions, 97 C 5288, 1997 U.S. Dist. LEXIS 18264, 1997 WL 722972, at *5 (N.D.Ill. Nov. 13, 1997).

**CLASS CERTIFICATION REQUIREMENTS**

      6.    All requirements of Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been met.

      7.    The class is so numerous that joinder of all members is impractical. It is reasonable to infer numerosity based on the following:

      a.    According to a May 9, 2007 press release, the Cavalry organization "owns and manages in excess of $15 billion in consumer receivables and has offices in

Hawthorne, NY, Phoenix, AZ, Tulsa, OK, and St. Paul, MN."

        b.     According to a August 30, 2006 press release, Cavalry had 10.9 million accounts. A later, September 1, 2007 press interview quoted Al Brothers, CEO of Cavalry Portfolio Services, LLC, as stating that Cavalry then had about 12 million accounts.

        c.     On information and belief, based on an article in the June 2, 2006 *Tulsa World* quoting Al Brothers, CEO of Cavalry Portfolio Services, LLC, "Cavalry's core markets are in credit card, automotive and telecommunications accounts, and the business is divided evenly between those sectors".

        d.     If Cavalry holds $5 billion in defaulted auto receivables at $20,000 each, that is 250,000 accounts.

        e.     Defendant Cavalry Portfolio Services, LLC has filed over 500 lawsuits in the Circuit Court of Cook County during the class period. (Appendix A).

        f.     The limitations violation at issue represents Cavalry's standard procedure. Attached to the state court complaint, filed May 22, 2006, was an affidavit of claim (Appendix B) and a "statement of account." (Appendix C). The "statement of account" gave a charge off date of September 7, 2000. The affidavit, executed December 19, 2005, was from the "Legal Administrator" of Cavalry and was specifically prepared for purposes of suit. Thus, although Cavalry's business is the purchase of <u>old</u> debts, Cavalry's systems are set up to permit the filing of suits on auto debts that are more than 4 years old.

    8.     Plaintiff will obtain the exact number of class members through discovery, and requests a briefing schedule long enough to obtain such information.

    9.     There are questions of law and fact common to the class, which questions predominate over any questions affecting only individual class members. The predominant common question is whether the filing of time-barred lawsuits is an unfair or deceptive practice in violation of the FDCPA.

    10.    The only individual issue is the identification of the class members, a

matter capable of ministerial determination from defendants' records and court files.

  11. Plaintiff's claims are typical of those of the class members. All are based on the same factual and legal theories.

  12. Plaintiff will fairly and adequately represent the class members. Plaintiff has retained counsel experienced in bringing class actions and collection abuse claims. (Appendix D) Plaintiff's counsel have sufficient resources to insure the vigorous prosecution of this action in the interests of the class members.

  13. A class action is superior for the fair and efficient adjudication of the class members' claims, in that:

   a. Congress specifically contemplated FDCPA class actions as a principal means of enforcing the statute.

   b. Consumers are unlikely to recognize the violation, as it requires familiarity with the federal Communications Act.

   c. The practice causes substantial injury to the public.

   d. A class action is necessary to determine that defendants' conduct is a violation of law and bring about its cessation.

  14. In further support of this motion, plaintiff submits the accompanying memorandum of law.

  15. Plaintiff is filing this motion at this early time because of the decision in White v. Humana Health Plan, Inc., 06 C 5546, 2007 U.S.Dist. LEXIS 32263 (N.D.Ill., May 2, 2007).

  WHEREFORE, plaintiff respectfully requests that this Court enter an order determining that this action may proceed as a class action.

                Respectfully submitted,

                <u>s/Daniel A. Edelman</u>
                Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Tiffany N. Hardy
EDELMAN, COMBS, LATTURNER
    & GOODWIN, L.L.C.
120 S. LaSalle Street, 18th Floor
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

T:\20816\Pleading\P's Motion for Class Certification_Pleading.wpd

## CERTIFICATE OF SERVICE

I, Daniel A. Edelman, hereby certify that on February 7, 2008, the foregoing document was filed electronically. A copy of the foregoing document was served via hand delivery on the following individuals:

**Cavalry Portfolio Services, LLC**
c/o registered agent
CT Corporation System
208 S. LaSalle St., Suite 814
Chicago, IL 60604

**Cavalry Investments, LLC**
c/o registered agent
CT Corporation System
208 S. LaSalle St., Suite 814
Chicago, IL 60604

s/Daniel A. Edelman
Daniel A. Edelman