**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| ANTONIO SIMS,           ) | |
|                                      ) | 08 C 464 |
|           Plaintiff,           ) | Judge Bucklo |
|                                      ) | Magistrate Judge Nolan |
| vs.                               ) | |
|                                      ) | |
| CAVALRY INVESTMENTS, LLC,         ) | |
| and CAVALRY PORTFOLIO SERVICES, LLC, ) | |
|                                      ) | |
|                                      ) | |
|           Defendants.       ) | |

## AMENDED COMPLAINT

## MATTERS COMMON TO MULTIPLE CLAIMS

### INTRODUCTION

1.  Plaintiff Antonio Sims brings this action to secure redress from unlawful credit and collection practices engaged in by defendants Cavalry Investments, LLC and Cavalry Portfolio Services LLC. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA"), and state law.

2.  The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements, in connection with the collection of a debt; it also requires debt collectors to give debtors certain information. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

3.  Specifically, plaintiff alleges that Cavalry Investments, LLC, and Cavalry Portfolio Services, LLC systematically engaged in filing and threatening lawsuits on time-barred debts which they purchase for a few cents on the dollar.

### VENUE AND JURISDICTION

4.  This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA), 28 U.S.C. §1331, 28 U.S.C. §1337, and 28 U.S.C. §1367.

5.  Venue and personal jurisdiction in this District are proper because:

1

        a.      Defendants' collection communications and activities impacted plaintiff within this District;

        b.      Each defendant does business or is located within this District.

## PARTIES

6.      Plaintiff is an individual who resides in the Northern District of Illinois.

7.      Defendant Cavalry Portfolio Services, LLC is a limited liability company chartered under Delaware law with its principal place of business at 4050 E. Cotton Ctr. Bldg. 2, Suite 20, Phoenix, AZ 85040. It does business in Illinois. Its registered agent and office are CT Corporation System, 208 S. LaSalle St., Suite 814, Chicago, IL 60604.

8.      Defendant Cavalry Investments, LLC is a Delaware corporation with offices at 1013 Centre Road, Wilmington, DE 19805. It does business in Illinois. Its registered agent and office are CT Corporation System, 208 S. LaSalle St., Suite 814, Chicago, IL 60604.

9.      Defendants Cavalry Investments, LLC and Cavalry Portfolio Services, LLC are related or affiliated entities.

10.      On information and belief, based on an article in the June 2, 2006 *Tulsa World*, Cavalry Portfolio Services, LLC is a subsidiary of Cavalry Investments, LLC.

11.      According to a May 9, 2007 press release, the Cavalry organization "owns and manages in excess of $15 billion in consumer receivables and has offices in Hawthorne, NY, Phoenix, AZ, Tulsa, OK, and St. Paul, MN."

12.      According to a August 30, 2006 press release, Cavalry had 10.9 million accounts. A later, September 1, 2007 press interview quoted Al Brothers, CEO of Cavalry Portfolio Services, LLC, as stating that Cavalry then had about 12 million accounts.

13.      On information and belief, based on an article in the June 2, 2006 *Tulsa World* quoting Al Brothers, CEO of Cavalry Portfolio Services, LLC, "Cavalry's core markets are in credit card, automotive and telecommunications accounts, and the business is divided evenly

between those sectors".

16. On information and belief, the Cavalry defendants own or manage over $1 billion in defaulted automotive receivables, amounting to more than 100,000 claimed debts.

15. Defendant Cavalry Investments, LLC maintains a Web site (www.cavalryinvestments.com) on which it describes the businesses of both Cavalry Investments, LLC and Cavalry Portfolio Services, LLC.

16. The Web site states that "Cavalry purchases national consumer receivable portfolios comprised of many types of receivables including: . . . Auto Charge-off's and Deficiencies . . . ."

17. Cavalry Investments, LLC in fact purchases for collection, and caused Cavalry Portfolio Services, LLC to collect, auto purchase and lease deficiencies from many large finance companies, including Americredit, American Suzuki Auto Credit, Primus Auto Financial Services, and U. S. Bank.

18. All of the debts purchased by Cavalry Investments, LLC are charged-off at the time they are purchased and were originally owed to other entities.

19. Cavalry Investments, LLC is named as a plaintiff in more than 1,000 collection lawsuits filed in the Illinois courts.

20. Cavalry Investments, LLC is a debt collector as defined in the FDCPA.

21. Cavalry Investments, LLC pays an average of less than ten cents on the dollar for the debts it purchases.

22. According to the Web site, www.cavalryinvestments.com, "Accounts purchased by Cavalry Investments, LLC are referred to Cavalry Portfolio Services, LLC for servicing."

23. On information and belief, Cavalry Portfolio Services, LLC determines which debts are to be referred for litigation.

24. All debts serviced by Cavalry Portfolio Services, LLC were originally

owed to others and were charged off when Cavalry Portfolio Services, LLC first became involved with them.

25. Cavalry Portfolio Services, LLC is named as a plaintiff in more than 1,000 collection lawsuits filed in the Illinois courts.

26. Cavalry Portfolio Services, LLC is a debt collector as defined in the FDCPA.

27. Cavalry Portfolio Services, LLC holds a collection agency license under the Illinois Collection Agency Act.

28. The mails and telephones are used in connection with the collection of debts and prosecution of collection litigation by or on behalf of Cavalry Portfolio Services, LLC and Cavalry Investments, LLC.

29. Cavalry Investments, LLC and Cavalry Portfolio Services, LLC act in concert with respect to the acquisition, collection, and litigation of charged off debts.

## **FACTS**

30. On or about May 22, 2006, Cavalry Portfolio Services, LLC, filed suit against plaintiff Antonio Sims in the Circuit Court of Cook County to collect a purported auto retail installment contract debt incurred for personal, family or household purposes.

31. A default judgment in the amount of $20,042.09 was entered therein on June 27, 2006, based on alleged substitute service on "Naomi Sims" at 1226 N. Central Avenue, Chicago, IL 60651.

32. Plaintiff did not reside at 1226 N. Central Avenue, Chicago, Illinois, at the time of the alleged service.

33. Plaintiff had no knowledge of the lawsuit until the end of 2007, as a result of a wage deduction notice returnable January 11, 2008, served on his employer.

34. Plaintiff had no reason to know of the existence of a lawsuit which, as described below, was well beyond the statute of limitations when filed.

35. Upon learning of the lawsuit, plaintiff retained counsel and secured its dismissal.

36. The purported debt had been acquired by Cavalry Investments, LLC and transferred for collection to Cavalry Portfolio Services, LLC.

37. The charges for which recovery was sought in the lawsuit were more than 4 years old at the time of suit.

38. The complaint alleged that the debt had been charged off by the original creditor, U. S. Bank, on Sept. 7, 2000.

39. A debt is not charged off until it is in default.

40. The chargeoff of debts is required by bank examiners to avoid having a bank or other financial institution carry defaulted debts on its books as valid assets.

41. The complaint filed against Mr. Sims therefore, on its face, sought to enforce a supposed debt that had been in default more than four years.

42. The statute of limitations applicable to the collection of auto retail installment contract and lease debts is four years under sections 2-725 and 2A-506 of the Uniform Commercial Code. Citizens National Bank of Decatur v. Farmer, 77 Ill. App. 3d 56; 395 N.E.2d 1121 (4th Dist. 1979); Fallimento C.Op.M.A. v. Fischer Crane Co., 995 F.2d 789 (7th Cir. 1993); Associates Discount Corp. v. Palmer, 47 N.J. 183, 219 A.2d 858 (1966); Massey-Ferguson Credit Corp. v. Casaulong, 62 Cal. App. 3d 1024, 133 Cal. Rptr. 497 (1976); Jack Heskett Lincoln-Mercury v. Metcalf, 158 Cal. App. 3d 38; 204 Cal. Rptr. 355 (1984); Worrel v. Farmers Bank of Delaware, 430 A.2d 469 (Del. 1981); Barnes v. Community Trust Bank, 121 S.W.3d 520 (Ky. App. 2003); First of Am. Bank v. Thompson, 217 Mich. App. 581; 552 N.W.2d 516 (1996).

43. Section 2-725 of the UCC, applicable to retail installment contracts, provides: "An action for breach of any contract for sale must be commenced within four years after the cause of action has accrued. . . ." The Illinois citation is 810 ILCS 5/2-725.

44. Section 2A-506 of the UCC, applicable to leases, provides: "An action for

default under a lease contract, including breach of warranty or indemnity, must be commenced within 4 years after the cause of action accrued. . . ." The Illinois citation is 810 ILCS 5/2A-506.

45.     "[T]he assignee *** takes the assignor's interest subject to all legal and equitable defenses existing at the time of the assignment." John O. Schofield, Inc. v. Nikkel, 314 Ill. App. 3d 771, 783, 731 N.E.2d 915 (5th Dist. 2000). "[T]he assignee stands in the shoes of the assignor and, in so doing, is subject to any defense that might be urged against the assignor." Klehm v. Grecian Chalet, Ltd., 164 Ill. App. 3d 610, 617, 518 N.E.2d 187 (1st Dist. 1987). This includes the statute of limitations. Coryell v. Klehm, 157 Ill. 462; 41 N.E. 864, 868-69 (1895).

46.     Defendants Cavalry Investments, LLC and Cavalry Portfolio Services, LLC regularly file and threaten to file suit on auto retail installment contract and lease debts.

47.     Defendants Cavalry Investments, LLC and Cavalry Portfolio Services, LLC  regularly file and threaten to file and cause the filing of suit on auto retail installment contract and lease debts in the applicable jurisdictions that are more than four years old at the time of the filing or threat.

48.     Defendants, Cavalry Investments, LLC and Cavalry Portfolio Services, LLC as regular collectors of auto retail installment contract and lease debts, knew or should have known that the statute of limitations applicable to such debts is four years.

49.     Defendants Cavalry Investments, LLC and Cavalry Portfolio Services, LLC engage in a pattern and practice of filing suit on time-barred debts.

**COUNT I – FDCPA  –  FILING SUIT ON TIME-BARRED DEBTS**

50.     Plaintiff incorporates paragraphs 1-49.

51.     This claim is against Cavalry Investments, LLC and Cavalry Portfolio Services, LLC.

52.     The filing and prosecution of time-barred lawsuits is both a deceptive collection practice, in violation of 15 U.S.C. §§1692e, 1692e(2), 1692e(5), and 1692e(10), and an unfair collection practice, in violation of 15 U.S.C. §1692f.

53. Section 1692e provides:

   **§ 1692e.    False or misleading representations [Section 807 of P.L.]**

   **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .**

   **(2)    The false representation of--**

   **(A)    the character, amount, or legal status of any debt; . . .**

   **(5)    The threat to take any action that cannot legally be taken or that is not intended to be taken. . . .**

   **(10)    The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .**

54. Section 1692f provides:

   **§ 1692f.    Unfair practices [Section 808 of P.L.]**

   **A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. . . .**

WHEREFORE, the Court should enter judgment in favor of plaintiff and against defendants for:

   (1)    Statutory damages;

   (2)    Actual damages;

   (3)    Attorney's fees, litigation expenses and costs of suit;

   (4)    Such other and further relief as the Court deems proper.

## COUNT II – ILLINOIS COLLECTION AGENCY ACT

55. Plaintiff incorporates paragraphs 1-49.

56. This claim is against Cavalry Portfolio Services, LLC.

57. Defendant Cavalry Portfolio Services, LLC is a collection agency as defined in the Illinois Collection Agency Act, 225 ILCS 425/1 et seq.

58. Defendant violated the following provisions of 225 ILCS 425/9:

> **. . . (20) Attempting or threatening to enforce a right or remedy with knowledge or reason to know that the right or remedy does not exist.**
>
> **. . . No debt collector while collecting or attempting to collect a debt shall engage in any of the Acts specified in this Section, each of which shall be unlawful practice.**

59. Plaintiff was damaged as a result.

WHEREFORE, the Court should enter judgment in favor of plaintiff and against defendant for:

    (1)    Compensatory and punitive damages;

    (2)    Costs.

    (3)    Such other and further relief as is appropriate.

## COUNT III – ILLINOIS CONSUMER FRAUD ACT

60. Plaintiff incorporates paragraphs 1-49.

61. This claim is against Cavalry Portfolio Services, LLC and Cavalry Investments, LLC.

62. Defendants Cavalry Portfolio Services, LLC and Cavalry Investments, LLC engaged in unfair and deceptive acts and practices, in violation of 735 ILCS 505/2, by threatening and filing suits on time-barred debts.

63. Defendants Cavalry Portfolio Services, LLC and Cavalry Investments, LLC engaged in such conduct in the course of trade and commerce.

64. Defendants Cavalry Portfolio Services, LLC and Cavalry Investments, LLC engaged in such conduct for the purpose of obtaining money from plaintiff.

WHEREFORE, the Court should enter judgment in favor of plaintiff and against defendants:

    (1)    Declaring that the purported debts are time-barred;

    (2)    Enjoining defendants from instituting or threatening suit to collect such debts;

    (4)    For costs of suit;

    (5)  For such other and further relief as the Court deems proper.


                s/ Daniel A. Edelman
                Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Tiffany N. Hardy
EDELMAN, COMBS, LATTURNER
  & GOODWIN, L.L.C.
120 S. LaSalle Street, 18th Floor
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

## **JURY DEMAND**

Plaintiff demands trial by jury.

s/ Daniel A. Edelman<br>
Daniel A. Edelman

T:\20816\Pleading\1st Amended Complaint -- individual_Pleading.wpd